IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KARIM MATEEN | § | |
| v. | § | CIVIL ACTION NO. 5:15cv108 |
| LT. J. WILLIAMS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Karim Mateen, proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Magistrate Judge ordered Plaintiff to pay the statutory filing fee of $400.00 or file an application for leave to proceed *in forma pauperis* accompanied by a certified *in forma pauperis* data sheet, as required by 28 U.S.C. §1915(g). In response, Plaintiff filed a document which he styled as a "notice of appointment - special deposit." This document purported to appoint the Magistrate Judge and the United States District Judge as his "trustees" and directed the Court to make a payment of two million dollars to Plaintiff's "accounts receivable." Plaintiff also ordered the collection of $1,840,000.00 from each of the named Defendants in the case, the amount he requested in damages, and attached "affidavits of individual surety" and a purported bond for the payment of the sum allegedly due him.

After review of the pleadings, the Magistrate Judge issued a Report recommending Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute. The Magistrate Judge determined Plaintiff's documents offered no valid justification for his failure to obey the *in forma pauperis*

1

order, and his purported appointment of judicial officers as "trustees" and the alleged two million dollar "bond" have no legal significance.

Shortly after the Report issued, Plaintiff wrote a letter to the Court stating he is the "cestui que" and his not waiving his rights.[1] He demands an "extinguishment" and a full accounting of $1,840,000.00 by an award of this amount to the grantor/beneficiary, presumably himself. He gives the court 30 days to "acquiesce in total accord with this Letter Rogatory, or show cause as to why the trustees are not able to comply."

In a "Notice of Special Deposit," construed as objections, Plaintiff states his appearance is restricted, special, and private, not general. He attaches a copy of the Magistrate Judge's Report, on which he has written "Non-negotiable. For special deposit for the benefit of Karim Mateen to the order of Caroline M. Craven (or successor) to extinguish, benefit, use, enjoyment and other equitable relief I am entitled to. Dated December 14, 2015. Special and private. /s/ Karim Mateen, Grantor."

Following this, Plaintiff wrote another letter to the Court saying his appearance is restricted and not general and he is the cestui que enforcing his equitable rights of recoupment and enforcement over his claim in this "court of equity." He again demands extinguishment, use, possession and enjoyment, and all of the equitable relief to which he is entitled.

Plaintiff states he gives notice the Court is in breach of the trust and he takes "judicial notice of your oath of officer and your surety bond in exclusive equity." Failure to do a conversion or present conveyance will result in Plaintiff claiming the bond in the amount of 50 million dollars, and he demands the Court "do the recoupment and manage the account in equity."

None of Plaintiff's pleadings provide any valid basis for setting aside the Magistrate Judge's Report. The U.S. District Court for the Western District of Washington has observed attempts to satisfy liabilities from "an imaginary Treasury trust account" have no basis in law and meaningless

---

[1] A "cestui que trust" is the beneficiary of a trust. *See, e.g.,* <u>Vidal v. Girard's Executors</u>, 43 U.S. 127, 186, 2 How. 127, 11 L.Ed. 205 (1844)(opinion of the Court) *and* <u>id.</u> at 174 (argument of Daniel Webster, counsel for appellant); Restatement (1st) of Trusts, §3, Special Note (1935).

pieces of paper which claim to create vast sums of money are not commercially acceptable forms of payment. United States v. Haines, civil action no. C13-5082, 2013 WL 3354421 (W.D.Wash., July 3, 2013); *see also* Rivera v. United States, 105 Fed.Cl. 644, 645 (Fed.Cl. 2012) (rejecting theory of secret trust account held by the federal government), *citing* Bryant v. Washington Mutual Bank, 524 F.Supp.2d 753, 758-59 (W.D.Va. 2007). Plaintiff has offered no legitimate justification for his failure to comply with the *in forma pauperis* order and has failed to prosecute his lawsuit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b). It is further

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 5th day of February, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE